UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 29, 2018

Michael Gottlieb, Esq.
Callagy Law, P.C.
650 From Road
Suite 565
Paramus, NJ 07652
*Counsel for Plaintiff*

Amanda L. Genovese, Esq.
Troutman Sanders LLP
875 Third Avenue
New York, NY 10022
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **University Spine Center v. Empire Blue Cross Blue Shield**
   **Civil Action No. 17-7573 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Empire Blue Cross Blue Shield's ("Defendant") Motion to Dismiss Plaintiff University Spine Center's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion.

## BACKGROUND & PROCEDURAL HISTORY

On or about February 25, 2016, Plaintiff, a healthcare provider located in Passaic County, New Jersey, provided medical services to Shyqyri T. ("Patient"). (Compl. ¶¶ 4-5.) Plaintiff alleges it obtained an assignment of benefits from Patient in order to bring a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.* (*Id.* ¶ 6.) Plaintiff then demanded reimbursement from Defendant in the amount of $159,308.00, of which Defendant paid $2,956.94. (*Id.* ¶¶ 7-8.) Plaintiff alleges that it "engaged in the applicable administrative appeals process maintained by Defendant" but Defendant denied the appeal and refused to make

additional payment. (*Id.* ¶¶ 9-11.) On September 28, 2017, Plaintiff filed a two-count Complaint in this Court, alleging failure to make payments pursuant to Patient's Plan, and breach of fiduciary duty. (Dkt. No. 1.) Defendant filed the instant motion to dismiss on November 27, 2017, alleging Plaintiff lacks standing to bring suit and has failed to state claims upon which relief can be granted. (Dkt. No. 7.) Plaintiff filed its opposition on January 2, 2018 and Defendant replied on January 9, 2018. (Dkt. Nos. 10, 11.)

**DISCUSSION**

A.

The Federal Rules of Civil Procedure provide that a complaint must be dismissed if the district court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." *N.J. Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 n.3 (3d Cir. 2015). However, in a case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss for lack of standing is "properly filed under Rule 12(b)(6)." *Id.* Therefore, the standard of review for both of Plaintiff's Rule 12(b) motions is the same.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B.

Defendant first argues that Plaintiff lacks standing to bring a claim. ERISA Section 502(a) permits claims brought by a "participant" or "beneficiary." 29 U.S.C. § 1132(a) (1)-(4). A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Here, it is uncontested that Plaintiff is neither a participant nor a beneficiary as defined

by ERISA. Rather, Plaintiff asserts it has derivative standing by virtue of an assignment of Patient's benefits to Plaintiff. (Compl. ¶ 6.)

"Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *N.J. Brain & Spine*, 801 F.3d at 372. Here, the assignment upon which Plaintiff relies is dated nearly a month prior to the medical services provided, does not identify the insurer, and does not specify the scope of the assignment or the benefits assigned. (Dkt. No. 1-1 Ex. B.) This is insufficient to show a valid assignment from Patient to Plaintiff. As such, Plaintiff has not adequately pled that it has standing to assert claims under ERISA 502(a). Therefore, Defendant's Motion to Dismiss will be granted.[1]

## **CONCLUSION**

Defendant's Motion to Dismiss the Complaint will be **GRANTED**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

    /s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
    Leda D. Wettre, U.S.M.J.

---

[1] Defendant also argues that Plaintiff has failed to exhaust its administrative remedies. *See, e.g.*, *Util. Workers Union of Am. Local 601 v. PSE&G*, No. 07-2378, 2009 WL 331421, at *3 (D.N.J. Feb. 10, 2009) (noting that a court cannot "'entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan'") (citing *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002)). Although the Complaint states that Plaintiff "engaged in the applicable administrative appeals process maintained by Defendant," (Compl. ¶¶ 9-11), the appeal letters attached to the Complaint were not filed within 180 days of the denial of payment as required by the plan, (Dkt. No. 7-1 Ex. A at 89), and include multiple claim numbers (Dkt. No. 1-1 Ex. E), precluding this Court from determining if the process was timely or if it addressed the claim at issue here.